UNITED STATES of America, Plaintiff,

v.

**Thomas Michael FIRMIN, Defendant.**

**Crim. No. 84–00096.**

United States District Court,
M.D. Pennsylvania.

Aug. 13, 1984.

Mary Spearing, Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

David Ruhnke, West Orange, N.J., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Before the court for disposition are pretrial motions filed on behalf of defendant, who was indicted on June 14, 1984, on sixteen counts of mail fraud (18 U.S.C. § 1341) and one count of conspiracy to commit mail fraud (18 U.S.C. § 371). Defendant seeks enforcement of paragraph 1(f) of this court's pretrial order directing disclosure of exculpatory evidence as delineated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and disclosure under Federal Rule of Criminal Procedure 6(e)(3)(C)(ii) of attendance records of grand jurors who returned the indictment against defendant.

■ With regard to the *Brady* materials, we note that *Brady* forbids "the suppression by the prosecution of evidence favorable to an accused upon request ... where the evidence is material either to guilt or punishment." 373 U.S. at 87, 83 S.Ct. at 1196, 10 L.Ed.2d at 218. Moreover, as defendant has pointed out, *Brady* materials encompass not only directly exculpatory evidence in the possession of the government but also information "that might well alter

the jury's judgment of the credibility of a crucial prosecution witness." *United States v. Higgs*, 713 F.2d 39, 42 (3d Cir. 1983).

■ In the present case, the government has not argued that information going to the credibility of a government witness is not within the ambit of *Brady*. Rather the government contends that all *Brady* materials relevant to Pedro de Mesones, the chief government witness in the current matter, have been made available to defendant. Furthermore, as the *Higgs* court noted, disclosure pursuant to *Brady* rests on due process considerations and the "right to a fair trial will be fully protected if disclosure [of credibility information to be used on cross-examination of government witnesses] is made on the day that the witness testifies." 713 F.2d at 44. Although the circumstances in *Higgs* are distinguishable from those in the present case, the government contends that it has provided open file discovery. If any *Brady* materials are later determined to have been withheld by the prosecution, defendant may pursue appropriate remedies. Accordingly, the *Brady* material aspect of defendant's motion is denied.

■ The other issue raised by defendant seeks disclosure of grand jury attendance records. Defendant's authority is subdivision (e)(3)(C)(ii) of Federal Rule of Criminal Procedure 6, which provides that disclosure of grand jury matters may be made "by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."

Defendant has referred us to *United States v. Provenzano*, 688 F.2d 194 (3d Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982), to support his request for grand jury attendance records. Although the *Provenzano* court did suggest that absentee and replacement grand jurors be given the opportunity to review transcripts, a procedure proposed in *United States v. Lang*, 644 F.2d 1232 (7th Cir.), *cert. denied*, 454 U.S. 870, 102 S.Ct. 338, 70

L.Ed.2d 174 (1981), the procedure was not required. Rather the *Provenzano* court affirmed the propriety of the *in camera* review by the district judge of the voting tallies and attendance records. We shall therefore preliminarily conduct such an *in camera* review subject to our determination whether further proceedings are necessary. An order in accordance with the foregoing discussion shall be filed.